**Ethan E. ALLEN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 04–3077.

United States Court of Appeals, Federal Circuit.

DECIDED: April 9, 2004.

Ethan E. Allen, of Counsel, Richmond, VA, for Petitioner.

J. Reid Prouty, Principal Attorney, David M. Cohen, Deborah A. Bynum, of

Counsel, Department of Justice, Washington, DC, for Respondent.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Ethan E. Allen petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the reconsideration decision of the Office of Personnel Management ("OPM") denying his application for disability retirement. *Allen v. Office of Pers. Mgmt.*, No. SF–844E–01–0326–M–1, 95 M.S.P.R. 293, 2003 WL 22299972 (M.S.P.B. Sep. 30, 2003). We *dismiss* for lack of jurisdiction.

## DISCUSSION

### I.

Mr. Allen timely appealed to the Board from OPM's reconsideration decision denying his application for disability retirement benefits. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision affirming OPM's decision. *Allen v. Office of Pers. Mgmt.*, No. SF–844E–01–0326–M–1 (M.S.P.B. Aug. 14, 2001). In her initial decision, the AJ determined that although Mr. Allen had established that he experienced pain in his neck, back, and left knee, he had failed to show that his medical condition rendered him disabled for useful and efficient service in his former position as a computer scientist at the Department of the Navy's Naval Weapons Center in Concord, California. The AJ's initial decision became the final decision of the Board on April 30, 2002 after the Board denied Mr. Allen's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. *Allen v. Office of Pers. Mgmt.*, No. SF–844E–01–0326–I–1, 91 M.S.P.R. 664, 2002 WL 960266 (M.S.P.B. Apr. 30, 2002).

Mr. Allen appealed the Board's decision to this court. Upon motion of the government, the case was remanded to the Board for it to consider whether there were problems with Mr. Allen's attendance at work which would constitute a work deficiency and thus support his application for disability retirement. On September 30, 2003, after considering the filings in the case, the Board declined to reconsider its April 30, 2002, decision denying Mr. Allen's petition for review. The AJ's initial decision thus remained the final decision of the Board. Mr. Allen now appeals to us again.

### II.

Pursuant to 5 U.S.C. § 8461(d), OPM is charged with making disability determinations concerning federal civilian employees. Section 8461(d) provides in relevant part that, except for an appeal to the Board—*see* 5 U.S.C. § 8461(e)(1)—such determinations by OPM are "final and conclusive and are not subject to review." Under this statutory scheme, the Board's factual findings with respect to Mr. Allen's disability claim are not subject to our review. We may only review whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)).

On appeal, Mr. Allen argues that the Board erred in its factual findings when it determined that he had failed to establish that he was disabled under applicable statutes and regulations. *Lindahl* and *Anthony* make clear that this is precisely the

sort of claim that we have no authority to consider. Under these circumstances, we have no alternative but to dismiss the appeal for lack of jurisdiction. Mr. Allen's appeal is therefore dismissed.

Each party shall bear its own costs.